[Nos. 9410, 9411. Department Two. August 23, 1911.]

T. F. TRUMBULL, *Appellant*, v. LIZZIE M. BRUCE *et al.*,
*Respondents.*

T. F. TRUMBULL, *Appellant*, v. CLAY LAWRENCE *et al.*,
*Respondents.*[1]

TAXATION—REDEMPTION—PAYMENT OF TAX JUDGMENT—TENANTS
IN COMMON—ADVERSE TITLE—LIEN. Where a tenant in common
pays a tax judgment and takes an assignment of the judgment, the
certificate is merged in the judgment, and the payment operates
for the benefit of the remaining tenants in common, subject to a
lien for their portion of the tax; under Rem. & Bal. Code, § 9265,
providing that the receipt of redemption money shall operate as a
release of all claims by virtue of the certificate, and § 9258, provid-
ing that any person interested in lands may pay the taxes and have
a lien for the payments made, and § 9259, providing that re-
demption shall inure to the benefit of the legal or equitable title,
subject to the right of reimbursement of the person making the
payment.

TAXATION—TAX TITLES—TAXES PAID—CERTIFICATES—VALIDITY. A
certificate of delinquency for taxes that have been paid by the
holder of a prior certificate is void, and cannot sustain an action
for foreclosure, although the holder paid the taxes for three sub-
sequent years upon which he might have secured a certificate.

SAME—DELINQUENCY CERTIFICATE—COST ITEMS INCLUDED. A cer-
tificate of delinquency is invalidated by the inclusion of the at-
torney's fees and other costs of the foreclosure of a prior certificate
which are not allowable in such foreclosures.

SAME—CERTIFICATE OF DELINQUENCY—PAYMENT OF TAXES DUE.
The applicant for the foreclosure of a certificate of delinquency
must pay all taxes due and unpaid on the property.

TENANCY IN COMMON—ACQUISITION OF ADVERSE TITLE—TAX CER-
TIFICATES. The fact that a tenant in common of community prop-
erty paid for a redemption from taxes out of her separate estate
does not militate against the rule that the redemption inured to
the benefit of her cotenants.

TAXATION—TAX TITLE—FORECLOSURE—RELIEF — EQUITY JURISDIC-
TION—LIEN FOR TAXES. The foreclosure of a tax certificate being a
special proceeding, upon failure of the action, the court cannot re-

[1]Reported in 117 Pac. 472.

tain jurisdiction to grant equitable relief for taxes paid, and the action should be dismissed without prejudice to an appropriate proceeding to establish an equitable lien.

Appeal from a judgment of the superior court for Clallam county, Still, J., entered September 17, 1910, in favor of the defendants, after a trial on the merits before the court without a jury, in consolidated actions to foreclose tax certificates of delinquency. Affirmed.

*Trumbull & Trumbull*, for appellant.

*Mitchell & Lawrence*, for respondents.

Morris, J.—Appellant brought these two actions to foreclose certificates of delinquency for unpaid taxes upon lands in Clallam county. The situation in both cases being the same, the actions were consolidated and heard as one in the court below, and are so treated here. Respondents, answering, set up a number of affirmative defenses, which were sustained by the court below, and this appeal is taken from a judgment in their favor.

The record is wholly documentary, and shows that on May 22, 1900, the property in question vested in John Cain and his wife, Mamie L. Cain. On May 23, 1900, by general warranty deeds, the Cains conveyed to A. J. Cochran and Ole J. Ekre an undivided one-eighth of these lands to each, and on July 7, 1902, another undivided one-eighth of the land was conveyed to E. R. Hendee and E. D. Hinds by general warranty deed. On March 17, 1903, the county issued to L. A. Brower a certificate of delinquency of these lands, for the unpaid taxes for the years 1900 and 1901, amounting to $46.08. Brower paid the subsequent taxes for 1902 and 1903, and, on October 15, 1904, commenced a foreclosure of his certificate. In the meantime, on April 30, 1904, the Cains, by general warranty deed, had conveyed an undivided three-eighths of the land to the Angeles and British Columbia Land Company. On February 7, 1905, Ekre redeemed his

one-eighth of the land from the lien of the certificate; and on March 1, 1905, the certificate was assigned to Adam Weidinger, and he was substituted as plaintiff in the foreclosure suit, in which judgment for a foreclosure as prayed for was entered on August 19, 1905. This judgment was assigned to Mamie L. Cain September 2, 1905.

At the time of the issuance of this certificate of delinquency, it will be noted that the Cains were the owners of an undivided five-eighths of the property, the remaining interests being in Cochran, Ekre, Hendee, and Hinds. At the time of the assignment of the foreclosure judgment to Mamie L. Cain, the Cains were the owners of two-eighths of the property, their other three-eighths having passed to the land company on April 30, 1904. All these interests, subsequently and at different dates, vested in the respondents Lawrence, the last conveyance being jointly by the Cains and Cochran of their undivided three-eighths interest, the respondent Bruce acquiring her interest from Lawrence November 14, 1907.

On April 13, 1909, appellant procured from the treasurer of Clallam county two different certificates of delinquency, one covering the land of respondent Lawrence and the other the land of respondent Bruce. These certificates purported to be for the redemption of an undivided seven-eighths of the property described in the certificate issued to Brower March 17, 1903, for the years 1900 and 1901, the other one-eighth having been previously redeemed by Ekre, and on their face stated they were issued for the years 1900, 1901, 1902, and 1903. On the same day appellant paid the unpaid taxes on these lands for the years 1904, 1905, and 1906, and on April 21, 1909, he commenced these suits to foreclose, and filed his applications for judgment. He failed and neglected, however, to pay the taxes for the year 1908, which were due and unpaid on April 21, 1909, when he filed his applications for judgment. This record is silent as to the taxes for the year 1907, and no question is here raised thereon. We assume, therefore, they have been paid by respondents or their

grantors prior to the issuance of the certificates to appellant. Upon these facts the court below held appellant was not entitled to a foreclosure, and gave judgment to respondents.

It will not be necessary to make any special reference to the errors assigned, as they are based upon the admissibility of the record made by respondents, and the entry of judgment. Neither can we find any merit in them. The certificate issued to Brower covered the years 1900 and 1901. Previously to his foreclosure of this certificate, he paid the taxes for the years 1902 and 1903, and when on September 2, 1905, Mamie L. Cain paid the judgment and took an assignment, the Cains being at that time tenants in common owning an undivided interest in the lands, such payment operated for the benefit of the remaining tenants in common, and the Cains could, and did, obtain nothing by the assignment of the judgment other than a lien against the remaining interest for a just proportion of the amount paid. *Stone v. Marshall*, 52 Wash. 375, 100 Pac. 858.

The Brower certificate, which by its foreclosure had ripened into this judgment, was of no more effect. It had fulfilled its mission when it furnished the basis for this judgment, and the only thing remaining in which it could play any part would be the issuance of a deed, which, so far as the Cains were concerned, would not change the situation, as they could not obtain a tax title to the exclusion of their co-owners. *Stone v. Marshall, supra.* There was, therefore, nothing to redeem, so far as the tax certificate was concerned. The Cains could not hold both as judgment creditors and as holders and owners of the tax certificate, any more than a mortgagee after a decree of foreclosure could be said to hold by virtue of the mortgage. The decree and the decree alone bespeaks the interest and the whole interest of the parties. Under § 9265, Rem. & Bal. Code, it is provided that the receipt of redemption money upon any tract of land upon which a certificate of delinquency is outstanding shall operate as a release of all claims under or by virtue of such certificate, and shall be

noted as a payment of the taxes. The person making such payment being entitled to a certificate of redemption, § 9258 provides that any person owning an interest in lands upon which judgment of foreclosure of delinquency certificate is prayed may pay such taxes and such payment shall vest in them a lien on the property for such payment so made. Section 9259 provides that any redemption made shall inure to the benefit of the person having the legal or equitable title to the property redeemed, subject to the right of the person making the redemption to be reimbursed by the person benefited. The most that Mamie L. Cain could obtain, then, under her assignment of the judgment of foreclosure, would be a certificate of redemption, which would vest in her the right to be reimbursed by the other owners to the extent of their proportionate share, and to hold such redemption as a lien against the property until so reimbursed.

The certificates of appellant were void further in attempting to carry as delinquent and subject to certificate the taxes of 1902 and 1903. These taxes had been paid by Brower before he commenced foreclosure of his certificate. They were not therefore delinquent, and the county, having received them, could not include them in any certificate of delinquency, and thus receive a double payment. Appellant would have been entitled to a certificate for the unpaid taxes of 1904, 1905, and 1906, but this he did not seek nor obtain, but attempted a redemption of a released certificate.

Appellant's certificates were faulty further in that they included an attorney's fee of $10, as part of the costs in the Brower foreclosure, and other unwarranted cost items, such as stenographer's fee and copies of pleading and process. These items are not allowable as costs in foreclosures of this character, and their inclusion would vitiate any certificate of which they were a part. Neither did appellant comply with Rem. & Bal. Code, § 9262, providing in cases of this character that every holder of a certificate of delinquency shall, before applying for judgment of foreclosure, pay all taxes

due and unpaid on the property. Application for judgment was made on April 21, 1909, and the taxes for 1908 were then due and unpaid. Appellant neglected to pay them, and they were paid by respondents on May 7, and 29.

It is stipulated that, when Mamie L. Cain obtained an assignment of the judgment upon the foreclosure of the Brower certificate, she paid for the same out of her separate estate. We cannot see that this changes the situation. She was redeeming her community estate, and such redemption would operate for the benefit of the community. Our statute permits one cotenant to redeem his undivided interest. She was not attempting to do this, but sought a redemption of all interests through the payment of the entire charge against the land. As a member of the community she was a co-owner with the others, as much as was the community itself, the only difference being the extent of the interest which is an immaterial feature, and any redemption which would operate for the benefit of one cotenant would operate for the benefit of all. Even in states which do not recognize the community system, but give the wife only an inchoate right of dower in the husband's estate, the wife of a cotenant would not be permitted to redeem or purchase at a tax sale and acquire title against the cotenants. Her attempt to do so would only result in a redemption of the land from the lien of the tax. *Robinson v. Lewis*, 68 Miss. 69, 8 South. 258, 24 Am. St. 254, 10 L. R. A. 101; *Clark v. Rainey*, 72 Miss. 151, 16 South. 499; *Busch v. Huston*, 75 Ill. 343; *Burns v. Byrne*, 45 Iowa 285. Much stronger reasoning would exist for the adoption of such a rule under the community system.

The decree of the court below was without prejudice to any right in appellant to establish an equitable lien upon the land by virtue of his payment of the taxes for 1904, 1905, and 1906. This was proper. A tax foreclosure is a special proceeding, under a special statute, for a special purpose; and when it fails, the court cannot retain jurisdiction to grant general relief or establish an equitable lien for taxes

paid. If appellant desires to establish an equitable lien upon this property for these taxes, he must do so in an appropriate proceeding involving such an issue. *Barker v. Muehler,* 55 Wash. 411, 104 Pac. 637.

The judgment is affirmed.

CHADWICK, ELLIS, and CROW, JJ., concur.