## MIXON v. LITTLETON et al.

(Circuit Court of Appeals, Eighth Circuit. April 29, 1920.)

### No. 5476.

1. **Indians ⊕≈15(1)—Equitable interest in lands held in trust may be conveyed, when no restrictions are imposed.**

   The equitable interest in allotted lands of Indians held in trust by the government may be conveyed, where no restriction on alienation is imposed.

2. **Indians ⊕≈15(1)—White wife of Indian may convey interest as heir, when alienation not expressly prohibited.**

   Under Act Feb. 13, 1891, ratifying an agreement with the Sac and Fox Nation of Indians, providing for allotments of land to be held in trust by the government for specified periods, but not expressly restraining alienation, an allottee's wife, a white woman of no Indian blood, could convey her interest as heir, and, under her warranty deed, her title under a patent subsequently issued inured to the benefit of her grantee.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by Julia Mixon against Thomas H. Littleton and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Mark Goode, of Shawnee, Okl., for plaintiff in error.

Bird McGuire, of Tulsa, Okl. (John Devereux, of Tulsa, Okl., on the brief), for defendants in error.

⊕≈For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN, Circuit Judge, and LEWIS and MUNGER, District Judges.

MUNGER, District Judge. From a judgment in favor of the defendant in an action of ejectment the plaintiff has prosecuted a writ of error. Reference will be made to the parties as they were entitled in the District Court.

The case was tried by the court pursuant to a stipulation in writing. By the pleadings and special findings of the court it appears that the land in controversy was a part of that allotted to Hiram P. Thorpe, an Indian of the Sac and Fox Tribe, on September 11, 1891. Thorpe died about April 22, 1904, leaving surviving him 10 children and his wife, Julia Thorpe, a white woman of no Indian blood. On November 5, 1908, his widow, who had married William C. Mixon, executed a warranty deed, purporting to convey to the defendant below, Thomas H. Littleton, an undivided one-third interest in the land originally allotted, and the grantee has been in the possession of the land ever since that time. The Secretary of the Interior determined the legal heirs of Hiram P. Thorpe and the interest of each in the allotment, and on March 26, 1917, caused a patent in fee simple to be issued by the United States to Julia Mixon for her interest as one of the heirs of Hiram P. Thorpe.

The question to be determined is the effect of the deed of Julia Mixon, the plaintiff, conveying her interest in the allotted lands to the grantee, the defendant Thomas H. Littleton. The allotment to Thorpe was made under the provisions of the act of Congress approved February 13, 1891 (26 Stat. 749), ratifying the agreement between the Sac and Fox Nation and commissioners on the part of the United States. By this agreement some of the tribal lands were ceded to the United States, some were reserved for agency purposes, and as to other portions it was stipulated that each citizen over 18 years of age could select for himself a quarter section. Article 3 of the agreement reads as follows:

"It is further agreed that when the allotments to the citizens of the Sac and Fox Nation are made, the Secretary of the Interior shall cause patents to issue therefor in the name of the allottees which patent shall be of the legal effect and declare that eighty (80) acres of land to be designated and described by the allottee, his or her agent as above provided, at the time the allotment is being made, shall be held in trust by the United States of America, for the period of twenty-five years, for the sole use and benefit of the allottee, or his or her heirs, according to the laws of the state or territory where the land is located; and that the other eighty (80) acres shall be so held in trust by the United States of America for the period of five (5) years, or if the President of the United States will consent; for fifteen (15) years for like use and benefit; and that at the expiration of the said periods respectively the United States will convey the same by patent to said allottee, or his or her heirs as aforesaid, in fee, discharged of said trust and free from all incumbrances."

The trust period as to a portion of this land was extended by action of the President, so that it had not expired as to any portion of the allotment at the time that the plaintiff executed her warranty deed to the defendant; but the defendant's claim of title is founded on the theory that because of that conveyance the plaintiff is estopped

to deny the defendant's title, since she afterwards received a patent, and that she was not forbidden by public policy or by statute from making the conveyance to the defendant, for the reason that she was a white woman and without Indian blood.

The contention of the plaintiff is that she was forbidden by public policy from making the conveyance to the defendant. In the statute which has been quoted there appears no express restriction upon alienation of the allotment, either by the allottee or by his heirs. In legislation relating to allotments of land to Indians there is usually found a restriction upon alienation during the period that the title is held in trust, or during a fixed period when the fee is granted by patent, expressing the purpose of Congress that the Indians should be protected against their own improvidence and that they should learn the benefits possible from the continued control and ultimate ownership of separate tracts of land. It may be conceded that the purpose to restrict alienation may sometimes be implied from the terms of the legislation when the nature of the object to be attained is considered. It may also be conceded that there is an implied restriction against alienation during the trust period by the Indian allottee or in case of his death, by his Indian heirs, of allotments made to citizens of the Sac and Fox Nation under the statute heretofore cited; but the question in this case is whether a white person, as an heir of the Indian allottee is subject to the same restriction. The general rule applicable in such cases is stated in Levindale Lead Co. v. Coleman, 241 U. S. 432, 437, 36 Sup. Ct. 644, 646 (60 L. Ed. 1080), as follows:

"The provisions of the Allotment Act must be construed in the light of the policy they were obviously intended to execute. It was a policy relating to the welfare of Indians—wards of the United States. The establishment of restrictions against alienation 'evinced the continuance, to this extent at least, of the guardianship which the United States had exercised from the beginning.' Heckman v. United States, 224 U. S. 413, 436: United States v. Kagama, 118 U. S. 375, 384; United States v. Rickert, 188 U. S. 432, 437, 438; Tiger v. Western Investment Co., 221 U. S. 286, 316; Williams v. Johnson, 239 U. S. 414, 420. This policy did not embrace white men—persons not of Indian blood —who were not as Indians under national protection although they might inherit lands from Indians, and, with respect to such persons, it would require clear language to show an intent to impose restrictions."

[1] The Interior Department construed the Sac and Fox Allotment Act as authorizing the conveyance of the fee to Julia Mixon of her share in the allotted land, and the United States granted a patent to her for the portion involved in this suit. There is no clear language in the Allotment Act showing an intent to impose restrictions upon her right to convey this land before the patent was issued. It is contended that there is no right to make a conveyance while the fee is held in trust and a patent has not issued, but it is now settled that the equitable interest in allotted lands or lands held in trust may be conveyed where there is no restriction imposed. Mullen v. United States, 224 U. S. 448, 457, 32 Sup. Ct. 494, 56 L. Ed. 834; Goat v. United States, 224 U. S. 458, 470, 32 Sup. Ct. 544, 56 L. Ed. 841; Doe v. Wilson, 23 How. 457, 463, 16 L. Ed. 584; Crews v. Burcham, 1 Black, 352, 356, 17 L. Ed. 91.

[2] The plaintiff also asserts that her conveyance was against public policy, because the United States agreed by the Allotment Act that it would convey the land, at the expiration of the trust period, to those who were then heirs of Hiram P. Thorpe, and that she might have died before that time. The grantee in her deed might well have considered whether such a contingency might not render it ineffective, but as she survived and received a patent, the supposititious injury to the Indian heirs can be put aside. As Julia Mixon as a white woman, with no Indian blood, was not included in the policy of national protection against the making of conveyances of allotted lands by Indians, and as there was no express restriction against her conveyance of her property, no reason is perceived why she could not convey her expectancy of receiving a patent and to do so by giving a warranty deed. The effect of that deed, when she afterwards became the patentee of the land, was that her title inured to the benefit of her grantee, the defendant herein. Doe v. Wilson, supra; Van Rensselaer v. Kearney, 11 How. 297, 325, 13 L. Ed. 703; Ryan v. United States, 136 U. S. 68, 88, 10 Sup. Ct. 913, 34 L. Ed. 447; Starr v. Long Jim, 227 U. S. 613, 624, 33 Sup. Ct. 358, 57 L. Ed. 670.

The judgment will be affirmed.