## BROWN v. MINSHALL et al.

No. 11512—Opinion Filed Sept. 13, 1921.

(Syllabus.)

**1. Indians — Conveyances — Restrictions on Alienation.**

Section 9 of the act of May 27, 1908 (c. 199, 35 Stat. 312), provided: "That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land; Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee." Held, that the restriction contained in the proviso of said section 9, supra, runs with the land so long as such allotted lands are inheritable by full-lood Indian heirs, or until the restrictions expire by operation of law on April 26, 1931.

**2. Same—After-Acquired Title.**

The after-acquired title of a full-blood restricted Creek Indian cannot inure to the benefit of her grantee in a deed or lease executed by her prior to the time that she was vested with any title in the lands, and such a deed or lease cannot be successfully pleaded as an estoppel.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by Louisa Brown against E. R. Minshall and others to recover interest in land. Demurrer of the defendants to the plaintiffs' petition sustained. Judgment entered dismissing the action of the plaintiff. Plaintiff appeals. Reversed and remanded.

Ernest B. Hughes, Earl Foster, and Cottingham, Hayes, Green & McInnis, for plaintiff in error.

Randolph, Haver & Shirk, H. M. Gray, and West, Sherman, Davidson & Moore, for defendants in error.

KENNAMER, J. This action was commenced by Louisa Brown, as plaintiff, against E. R. Minshall, H. W. Phillips, J. F. Sweeney, L. R. Lewis, and the Prairie Oil and Gas Company, defendants, in the district court of Tulsa county for possession of an undivided one-fourth interest in the lands described in the petition of the plaintiff. This cause was consolidated with cause No. 11523, E. R. Minshall et al., Plaintiffs in Error, v. Willie Berryhill, Defendant in Error, this day decided [83 Okla. 100]. The lands involved in this controversy are part of the same allotment as that involved in cause No. 11523, and the question of heirship as to the allotment of Susanna Berryhill having been determined in cause No. 11523, it will be unnecessary to consider that question in this cause.

The defendants demurred to the petition filed by the plaintiff, Louisa Brown, in this cause, and the same was sustained by the court, and the plaintiff electing to stand upon her petition as filed, the court entered final judgment denying the plaintiff the relief prayed for in her petition and that the plaintiff had no cause of action and that the defendants have judgment for their costs. Plaintiff appealed.

The questions for determination on this appeal not involved in cause No. 11523 arise out of the following statement of facts:

The lands involved in this controversy consist of part of the allotment of Susanna Berryhill, a duly enrolled citizen of the Creek Tribe of Indians enrolled opposite roll No. 4777 as a full-blood member of the tribe. The allottee died about the 26th day of July, 1899, intestate. The deceased, being a child of about one year of age, was without issue and unmarried, and as determined in cause No. 11523, she left as her heirs at law her mother, who inherited one-half of the allotment, the plaintiff in this cause, and a brother of the one-half blood and a brother of the whole blood. Both brothers, being enrolled on the approved rolls prepared by the Commission to the Five Civilized Tribes as full-blood Creek Indians, inherited the other one-half of the allotment as the paternal heirs.

It appears that the defendant Minshall secured an oil and gas lease from the plain-

tiff, Louisa Berryhill, now Brown, on or about December 23, 1912, in which Louisa Brown leased the entire allotment to him, as the only heir of the deceased allottee; such lease being approved by the county court of Tulsa county, the court having jurisdiction of the settlement of the estate of Susanna Berryhill, deceased, and by the Secretary of the Interior. Minshall assigned part of the lease to Sweeney and Lewis.

The defendant Phillips on the 11th day of November, 1916, secured a warranty deed from Louisa Brown, as the only heir at law of the deceased allottee, wherein she attempted to convey to the defendant Phillips the entire allotment, and the deed was duly approved by the county court of Tulsa county as required by law.

Charley Berryhill, brother of the deceased allottee, died in the year 1918 unmarried, intestate, and without issue. The devolution of his one-fourth interest inherited by him from the estate of his deceased sister, Susanna Berryhill, as was held in cause No. 11523, is controlled by the applicable provisions of the laws of descent and distribution of the state of Oklahoma and under the facts as pleaded by the plaintiff in this cause. The plaintiff, Louisa Brown, nee Berryhill, mother of Charley Berryhill, inherited the one-fourth interest which Charley Berryhill had inherited from his deceased sister, Susanna Berryhill.

The questions decisive of this appeal under the foregoing facts are:

First. Louisa Brown, nee Berryhill, being a full-blood Creek Indian, duly enrolled as such upon the approved rolls of the Creek Tribe, was the one-fourth interest in the lands which she inherited from Charley Berryhill, restricted under section 9 of the act of May 27, 1908 (35 Stat. L. 312, c. 199)? Section 9 of said act reads as follows:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land; Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee."

Counsel for the defendants contend that under said section, supra, the restriction contained in section 9 is personal to the heir of the allottee, and has no application to the lands after the same have been once inherited by the heirs of the allottee or when such lands are inherited by an heir from the heir of the deceased allottee. It is their contention that the restriction contained in the proviso in section 9, supra, does not run with the land. We cannot concur in this contention made by counsel for the defendants. We believe that it was the intention of the Congress, under the plain and unmistakable language of the proviso to section 9, that the lands of a deceased allottee should be restricted as long as the same are inheritable by full-blood heirs, or until the restrictions upon such lands expire by operation of law, which, under the provisions of the act, would be April 26, 1931.

It is clear from the language of the proviso to section 9, supra, that it was the purpose of the Congress to protect the full-blood Indian heir from making an improvident disposition of such lands and to afford them the protection of the probate courts of Oklahoma in making disposition of such estates. It is a fundamental rule uniformly adhered to by the courts in the construction of statutes to give them a reasonable construction. There is no more reason for the Congress protecting the full-blood child of the deceased allottee than for affording the same protection to the full-blood grandchild. We believe that our conclusion is in harmony with the general policy of the Congress in protecting the full-blood members of the tribe in the disposition of valuable properties, and is sustained by the great weight of the authorities. Gannon v. Johnston, 40 Okla. 695, 140 Pac. 430, 243 U. S. 108, 61 L. Ed. 622; Tiger v. Western Investment Co., 221 U. S. 286, 55 L. Ed. 738; Parker v. Richard, 250 U. S. 235, 63 L. Ed. 954.

The trial court in sustaining the demurrer of the defendants to the plaintiff's petition held that the plaintiff, in the execution of the oil and gas lease to the defendant Minshall, which had in part been assigned to the defendants Sweeney and Lewis, and the warranty deed to the defendant Phillips, was estopped from asserting title to the lands involved in this action. The effect of the holding of the trial court was that the title in the lands acquired by the plaintiff subsequent to the execution of the lease and deed inured to the benefit of her grantees. This holding of the trial court would be correct but for the fact that the lands in controversy consist of allotted restricted Indian lands. This court and the Su-

preme Court of the United States have in numerous decisions announced the rule that title to restricted Indian lands may be acquired only in the manner prescribed by law, and that means according to federal law, the Congress being vested with the exclusive authority to legislate with respect to restricted Indians and their estates. A title acquired to restricted Indian lands in any manner other than that authorized by the Congress is absolutely void, and cannot be successfully pleaded as an estoppel in an action by such restricted Indian to recover the property attempted to be conveyed in violation of law, and the title to the same cannot be acquired on equitable grounds. Smith v. Williams et al., 78 Okla. 297, 190 Pac. 555; Patterson et al. v. Carter, 83 Okla. 70, 200 Pac. 855; Starr v. Long Jim. 227 U. S. 613, 57 L. Ed. 670; U. S. v. Hemmer (D. C.) 195 Fed. 790; Goodrum v. Buffalo, 162 Fed. 817.

The rule appears to be well established that it is the governmental policy toward restricted Indians that they may sell their restricted lands only in the manner prescribed by the Congress; that they are not permitted to sell mere expectancies, and that the doctrine of after-acquired title has no application to a restricted Indian who is non sui juris. Franklyn v. Lynch, 233 U. S. 269, 58 L. Ed. 954, affirming 37 Okla. 60; Mullen v. Pickens, 250 U. S. 590, 63 L. Ed. 1158; Whitmire v. Levine, 80 Okla. 21, 193 Pac. 884.

In the case Bank of America v. Banks, 101 U. S. 240, 25 L. Ed. 850, the Supreme Court of the United States said:

"In order to work an estoppel, the parties to a deed must be sui juris competent to make it effectual as a contract. Hence, a married woman is not estopped by her covenants. Plainly, the wife was not competent to purchase supplies for the plantation of the husband, and therefore, cannot be estopped by these recitals. Bigelow, Estop. 276; Jackson v. Vanderheyden, 17 Johns. (N. Y.) 167."

We conclude that on the dates of the execution of the lease and deed in question in the case at bar the only interest that the plaintiff, Louisa Brown, nee Berryhill, could convey was such interest as she was authorized by the Congress to convey, and in the manner as prescribed in the act of May 27, 1908, and such title as she was then vested with, and the title to that part of the allotment in controversy in this cause being vested on the date of the execution of the instruments in Charley Berryhill, and the plaintiff being a restricted full-blood Indian, her deed and lease had no legal ef-

fect except to convey such right and interest as the plaintiff was vested with at that time, and that the deed and lease can in no way operate so as to affect the after-acquired title of the plaintiff in her inheritance of the one-fourth interest in question here from her deceased child, Charley Berryhill. The rule of estoppel and after-acquired title has no application to restricted Indian lands, which are not subject to the rules of trade as applied to lands purchasable in the ordinary every-day market.

In view of the conclusion reached herein it necessarily follows that the judgment of the trial court must be reversed, and the cause remanded, with directions to the trial court to overrule the demurrer of the defendants and proceed with said cause in accordance with the views herein expressed.

HARRISON, C. J., and JOHNSON, McNEILL, and NICHOLSON, JJ., concur.