[No. 18658.   Department One.   September 4, 1924.]

FRANK A. IYALL, *Respondent*, v. YAKIMA COUNTY *et al.,*
*Appellants.*[1]

INDIANS (10)—LANDS—TAXATION—ISSUANCE OF PATENT—CONSENT
OF ALLOTTEE.  Where Indian allottees were awarded trust patents,
reserving their allotments for the period of twenty-five years, dur-
ing which period they had no title and the lands were not subject to
taxation, their right to hold thereunder became vested, and Congress,
by subsequently granting full patents, did not remove the restric-
tions against taxation without the consent of the allottee.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered December 26,
1923, in favor of the plaintiff, in consolidated actions
to enjoin the collection of taxes, tried to the court.
Affirmed.

*Sydney Livesey,* for appellants.

*Carroll B. Graves,* for respondent.

HOLCOMB, J.—Respondent is a member of the full
blood of the Yakima tribe of Indians, residing in
Yakima county, and as such, an Indian allottee.  As
such allottee, the United States holds in trust, under
the act of Congress, 24 Stat. at Large 794, as amended
by 26 Stat. at Large 794, the following described lands
situate within Yakima county, to wit:  "The south-
west quarter of the northwest quarter and the north-
west quarter of the southwest quarter, section ten (10),
township ten (10) north, range nineteen (19) east of
the Willamette Meridian, containing eighty (80)
acres."

For the above described lands, there was issued to
respondent, on June 23, 1900, a trust patent, by the
terms of which the United States declared that it would
hold the land so allotted subject to all restrictions and

[1]Reported in 228 Pac. 513.

conditions imposed by the law of the United States, for a period of twenty-five years, in trust for the sole use and benefit of respondent, or, in case of his decease, for the sole use and benefit of his heirs, according to the laws of the state where such land is located, and at the expiration of the period of twenty-five years the United States would convey the same by patent to the allottee or his heirs in fee discharged of any trust and free of all charge or incumbrance.

On February 4, 1920, pursuant to an act of Congress known as the Burke Act, of May 8, 1906 (34 Stat. at Large 182), the Secretary of the Interior, after a full and complete investigation as to whether respondent was competent and capable of managing his own affairs in the exercise of his discretion, granted a full patent to the allotted land to respondent, which was recorded in the general land office of the United States. Respondent was notified of the issuance thereof, but then, and at all times since, has refused to accept the patent.

During the year 1921, taxes, including interest thereon in the sum of $574.78, were levied against the above described real estate by appellants as the taxing officers of Yakima county, for state and county purposes. During the year 1921, also, taxes against respondent's personal property described in another complaint, which was consolidated with this for trial, in the sum of $45.69, were levied against respondent and against his real and personal property. This taxed personal property was acquired by respondent wholly from the rents, issues and profits he derived from the afore mentioned allotment.

Respondent brought these two actions to cancel the real and personal taxes assessed against him as invalid and void, and to enjoin appellants and each of them from collecting or enforcing the collection thereof.

The above mentioned facts were admitted by the agreed statement of facts, and other facts more in detail not necessary to refer to. It is necessary, however, to mention that taxes were levied upon the real and personal property of respondent for the year 1922 and 1923, as well as the year 1921, of which payment was demanded by appellants.

Counsel for appellants concede that, subsequent to the commencement of this action in the lower court, the case of *United States v. Benewah County*, 290 Fed. 628, was decided by the circuit court of appeals of the ninth circuit, which decides every question involved herein; but desires a re-examination by us of the law of the case by reason of the importance to appellants and the large amount of taxes generally that may be affected by the decision.

In the case cited, like the one before us, the Secretary of the Interior, after an investigation, under the act of Congress of May 8, 1906, *supra,* declared two allottees, who were members of the Coeur d' Alene tribe of Indians and allottees upon the reservation of that tribe, to be competent and issued them a patent in fee. The Indians refused to accept delivery of the patents, and several years later they were revoked and cancelled. It was held in the case above cited that the mere issuance of the patents did not convey the legal title and the lands were not subject to taxation by state authorities during such years; that the Indians held meanwhile under trust patents, and being granted non-taxable lands for the period of twenty-five years, as their right not to be taxed was vested and can only be divested by due process of law, or on the application of or with the consent of the allottee, the property was not taxable. That is exactly the situation here.

The Indians, by the original treaty and the acts of Congress referred to, were placed under the protec-

tion and guardianship of the United States. In this case their privilege under the law was to exist for twenty-five years, and on June 23, 1900, a trust patent was issued to respondent which reserved his allotment in trust for the period of twenty-five years from that date, and if he so desired he was entitled to take full advantage and benefit of that trust period. He could not be forced against his will, even though found competent by the Secretary of the Interior, to take title in fee of the real estate allotted to him prior to the expiration of the twenty-five year period from June 23, 1900.

"There can be no serious question of the authority of Congress to remove restrictions upon the alienation of the lands of allottees with or without the latter's consent. *Williams v. Johnson*, 239 U. S. 414, 36 Sup. Ct. 150, 60 L. Ed. 358. But to remove restrictions upon alienation is a different thing from depriving Indian allottees of the immunity from taxation conferred upon them by their trust patents. The Indians were guaranteed non-taxable lands for the period of twenty-five years after the issuance of the trust patents." *United States v. Benewah County, supra.*

The act of Congress under which the Secretary of the Interior proceeded in investigating the competency of the allottees (34 Stat. at Large 182) was construed to mean that the action of the secretary could be had only upon the application of the allottee or with his consent.

The supreme court has also recently decided that lands are not taxable by the state while held in trust for Indians by the United States. *McCurdy v. United States*, U. S. Adv. Ops. p. 402 (May, 1924).

The crops and proceeds thereof grown upon the non-taxable real estate are also non-taxable. *United States v. Gray*, 201 Fed. 291; *United States v. Yakima County,*

274 Fed. 115; *United States v. Thurston County,* 143
Fed. 287.

. Upon both reason and precedent, the judgments are
right.

Affirmed.

MAIN, C. J., TOLMAN, MACKINTOSH, and PARKER, JJ.,
concur.