## PORTSMOUTH TRUST & GUARANTEE CO. v. HARJO et al.

No. 26723.   Jan. 26, 1937.

Rehearing Denied March 2, 1937.

Second Petition for Rehearing Denied March 23, 1937.

Leopold & Brett, for plaintiff in error.

John Caruthers, for defendants in error W. A. Foster, W. A. Foster, administrator, W. A. Foster, guardian of Naomi Marcia Foster and Allen William Foster, minors, and John Caruthers, as guardian ad litem for minors.

PER CURIAM.   The plaintiff in error, Portsmouth Trust & Guarantee Company,

hereinafter referred to as plaintiff, brought its action for money judgment and foreclosure of a mortgage in the district court of Okmulgee county against W. A. Foster, W. A. Foster, as guardian of Naomi Marcia Foster, and Allen William Foster, W. A. Foster, administrator of Naomi Foster, wherein John Caruthers was appointed guardian ad litem for said minors, and others (hereinafter referred to as defendants).

The cause in the lower court was tried upon agreed statement of facts, and we are herewith setting out all facts material to a determination of the question presented by this appeal.

Naomi Foster, nee Harjo, was a full-blood Creek Indian, duly enrolled July 29, 1899, as being three years of age at said time, and her name appears opposite Roll No. 1797. She thereafter received as her homestead and surplus allotment the northwest quarter of section 21, township 12 north, range 12 east, Okmulgee county, Okla.

Under date of September 26, 1919, the Secretary of the Interior made an order for removal of restrictions against the alienation of the allotted lands of Naomi Harjo under authority of the Act of Congress approved May 27, 1908, which was duly filed in the office of the Superintendent of the Five Civilized Tribes. The order for removal of restrictions was thereafter, on April 26, 1920, filed in the office of the county clerk of Okmulgee county and duly recorded therein. Attached to the order for removal of restrictions and recorded therewith is the following statement:

"Court Clerk: The foregoing and attached order of removal of restrictions covers the following described land: N. W. ¼ of section 21, township 12 north, range 12 east.

"Yours Respectfully

"Naomi Harjo."

Some time during the year 1919, Naomi Harjo appeared before the competency board, appointed by the Secretary of the Interior, and objected to the removal of restrictions against her alienation of her allotment. No record of such objection appears in the office of the Superintendent of the Five Civilized Tribes or in the office of the county clerk of Okmulgee county, Okla. The records of the Superintendent of the Five Civilized Tribes show the application for the removal of restrictions to be unsigned.

Under date of December 2, 1922, Naomi Harjo, Henry M. Harjo and Katie Harjo, his wife, executed and delivered their real estate mortgage bond for the principal sum of $5,000, due January 1, 1928, to Commerce Trust Company of Kansas City, Mo. These named parties also under the same date executed and delivered a real estate mortgage securing said debt. This mortgage included the quarter section allotted to Naomi Harjo, together with other lands. On January 1, 1928, the above-named parties, together with W. A. Foster, executed an extension agreement extending the time of payment of the above real estate mortgage bond. Naomi Harjo had been married in the meantime to W. A. Foster.

Thereafter, on a date not shown by the record, Naomi Harjo died and left surviving her her husband, W. A. Foster, and her two minor children, Naomi Marcia and Allen William Foster.

The debt and the mortgage securing the same were assigned to the plaintiff and it filed its petition in foreclosure in the district court of Okmulgee county on November 10, 1933.

The defendants admitted the execution of the real estate mortgage bond, mortgage and extension agreement, but contended that the lien of the mortgage was void for the reason that Naomi Harjo had never applied for the removal of her restrictions and that the order of removal of restrictions by the Secretary of the Interior, in the absence of her application therefor, was void. The trial court entered its judgment decreeing foreclosure of the lands other than the allotment of Naomi Harjo and quieted title to the allotment of Naomi Harjo in her surviving heirs.

Plaintiff appeals to this court and presents two questions for our determination: (1) Is the order of the Secretary of the Interior removing the restrictions from the allotment of a full-blood Indian valid, in the absence of the request of the Indian therefor? And (2) is the plaintiff entitled to a personal judgment against W. A. Foster for the principal debt by reason of his having executed the extension agreement? Other errors are assigned in the petition in error, but not being urged by plaintiff will not be here considered.

The defendants take the position that the application by the allottee for removal of restrictions by the Secretary of the Interior is jurisdictional, and that, in the absence of an express application therefor, the order of removal of restrictions by the Secretary of the Interior is void. With this contention we cannot agree.

The Act of Congress of May 27, 1908, in

regard to removal of restrictions provides as follows:

"That the Secretary of the Interior may remove such restrictions, wholly or in part, under such rules and regulations concerning the terms of sale and disposal of the proceeds for the benefit of the respective Indians as he may prescribe. The Secretary of the Interior shall not be prohibited by this act from continuing to remove restrictions as heretofore." Section 1.

The authority of Congress to vary its restrictions upon the alienation of Indian lands and to remove restrictions upon the alienation of lands of Indian allottees, with or without the latter's consent, cannot be seriously questioned. Tiger v. Western Investment Co., 221 U. S. 286, 55 L. Ed. 738, 31 Sup. Ct. 578; Williams v. Johnson, 239 U. S. 414, 60 L. Ed. 358, 36 Sup. Ct. 150. Further, the courts have recognized that exemption from taxation and the restriction against alienation have two separate and distinct objects, one conveying a right and the other imposing a limitation. Choate v. Trapp, 224 U. S. 665, 56 L. Ed. 941, 32 Sup. Ct. 565, and United States v. Benewah County, Idaho, 290 Fed. 628.

The defendants urge that the restrictions are a right that run with the land, and cite in support thereof Brown v. Minshall, 83 Okla. 98, 202 P. 1037. We do not construe the latter case in this connection to hold that the restrictions run with the land, other than that lands of a deceased allottee will be restricted in the hands of full-blood heirs until the restrictions have expired by operation of law. We think there is no conflict between the holding of this court in Brown v. Minshall, supra, and the above-cited cases.

The Act of April 21, 1904 (33 Stat. 204), provides for the removal of restrictions in certain instances "upon application" to the Indian Agent, and the Act of March 3, 1928 (45 Stat. 161), provides for the issuance of a certificate of competency "upon application." The defendants argue that the inclusion of the language "upon application" in the above acts shows the general policy of Congress to provide that restrictions may be removed only upon the application of the allottee. Without deciding that under these two acts an application by the allottee would be jurisdictional, we think it suffices to point out that in the Act of May 27, 1908 (35 Stat. 312), which we are now considering, Congress left out the words "upon application," and its intent must be that the means and methods by which the Secretary of the Interior saw fit

to issue orders for the removal of restrictions were solely in his discretion.

Although no case decisive of this point has been called to our attention, nor are we able to find one, we are of the opinion that, in the light of the above-cited cases and the language of the Act of May 27, 1908, the validity of an order removing restrictions by the Secretary of the Interior is not dependent upon the allottee's formally making application for, or objecting to, removal of restrictions, especially in the absence of any showing as to any rule or regulation by the Secretary of the Interior pertaining to the necessity of an application; and further, the act itself not providing for an application by the allottee, the defendants in the instant case cannot now question the validity of the order for removal of restrictions when the allottee herself, after such order was made, caused it to be recorded in the office of the county clerk of Okmulgee county and accepted the benefits therefrom.

We come now to the second point raised by plaintiffs on appeal, questioning the judgment of the trial court in refusing a personal judgment against W. A. Foster by reason of his having executed the extension agreement of January 1, 1928. We have examined the record in this respect and find nothing therein which indicates that W. A. Foster obligated himself in any way to pay the principal amount of the debt. Apparently, his signature was obtained thereon merely to waive any homestead right he may have acquired by virtue of his marriage to Naomi Harjo.

The judgment of the trial court is reversed, with instructions to enter judgment in favor of the plaintiff, decreeing foreclosure of the property, as sought in its petition. In other respects, the judgment is hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys J. M. Winters, Jr., Byron V. Boone, and G. G. Hilford, in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. J. M. Winters, Jr., and approved by Mr. Byron V. Boone and Mr. G. G. Hilford, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur.