**UNITED STATES v. FERRY COUNTY, WASH., et al.**

No. 4494.

District Court, E. D. Washington, N. D.

Sept. 6, 1938.

Sam M. Driver, U. S. Atty., and S. R. Clegg, Asst. U. S. Atty., both of Spokane, Wash.

O. C. Moore, of Spokane, Wash., and H. N. Martin, of Republic, Wash., for defendant John Daniels.

W. T. Beck, Pros. Atty., and Ralph C. Hove, Deputy Pros. Atty., both of Republic, Wash., for defendant Ferry County.

NETERER, District Judge.

A Bill in Equity seeks to quiet title to lands allotted to one Stephen Lambert, a member of the Colville Tribe of Indians, and to cancel taxes levied by the defendant Ferry County, and its proper officers, and enjoin Daniels from prosecuting a certain action in the State Court to quiet title to the lands in issue. His asserted claim being a tax deed from said county issued for unpaid taxes levied upon said lands. The case is on motion to dismiss.

Justice Hughes for the Supreme Court in U. S. v. Pelican, 232 U.S. 442, at page 445, 34 S.Ct. 396, at page 397, 58 L.Ed. 676, said "there can be no doubt that the Col-

ville Reservation, set apart by Executive order on July 2, 1872 (Exec.Ord.Ind. Reserv. [1912 Ed.], 194, 195; 1 Kappler, 915, 916), and repeatedly recognized by acts of Congress,[1] was a legally constituted reservation, Re Wilson, 140 U.S. 575, 577, 11 S.Ct. 870, 35 L.Ed. 513."

The enabling act of Washington provides: "that the people inhabiting said * * * States do * * * forever disclaim all right and title to * * * all lands * * * held by any Indian or Indian tribes; and that until the title thereto shall have been extinguished by the United States, the same shall be and remain subject to the disposition of the United States, and said Indian lands shall remain under the absolute jurisdiction and control of the Congress of the United States; * * * that no taxes shall be imposed by the States on lands * * * therein belonging, to * * * the United States or reserved for its use" 25 Stat. 676, 677, § 4, par. 2.

Act July 1, 1892, 27 Stat. page 63, § 4, provides: "that each and every Indian now residing upon the * * * Colville Indian Reservation * * * shall be entitled to select * * * land, which shall be allotted to each Indian in severalty."

It is conceded that under the Act Feb. 8, 1887, § 5, 25 U.S.C.A. § 348, the right to exemption, from taxes does obtain. The defendants claim that the Act of May 8, 1906, 34 Stat. 182, 25 U.S.C.A. § 349, permitted the Secretary of the Interior to convey allotted land in fee, when in his judgment it was to the allottee's welfare, and thus free the land from tax exemption. The land in issue was allotted June 27, 1917, to Stephen Lambert, and the United States issued a trust patent reciting that it "hereby declares that it does and will hold the land thus allotted * * * for the period of twenty-five years in trust for the sole use and benefit of said Indian and at the expiration of said period * * * will convey the same by patent in fee, discharged of said trust and free from all charge and incumbrance whatsoever." Stephen Lambert, however, had previously, on March 30, 1915, died intestate; on Nov. 20, 1918 the Secretary of the Interior ascertained the heirs of the decedent Lambert, and the share each is entitled to, and

Oct. 28, 1919, issued a patent in fee, to the heirs of Stephen Lambert of whom Sarah Daniels is one.

■ This is an express trust for a valuable consideration, to the faithful performance of which the United States was legally committed.

The declaration of trust is definitely fixed, the obligation is clearly defined, and the time of continuance is limited to the period of twenty-five years, Mullen v. U. S., 224 U.S. 448, at page 453, 32 S.Ct. 494, 56 L.Ed. 834. At the end of the trust period the allottees to receive conveyances in fee "free of all charge or incumbrance whatsoever" Act Feb. 8, 1887, § 5, 25 U.S.C.A. § 348. Any change made affecting the interest of such allottees—cestui que trust— must be made "in conformity with the treaty or statute under which such reservation is held" 25 U.S.C.A. § 348, supra. No right conferred upon the Indian can be arbitrarily abrogated or changed by statute. Choate v. Trapp, 224 U.S. 665, 32 S.Ct. 565, 56 L.Ed. 941; Wisconsin & Mich. R. Co. v. Powers, 191 U.S. 379, 24 S.Ct. 107, 48 L.Ed. 229; Home of the Friendless v. Rouse, 8 Wall. 430, 437, 19 L.Ed. 495; Tomlinson v. Jessup, 15 Wall. 454, 458, 21 L. Ed. 204. The United States as trustee may not liquidate the trust without the consent of the allottees and the Act of May 8, 1906, on which defendants rely must have so intended, U. S. v. Benewah County, Idaho, 9 Cir., 290 F. 628.

■ The Indian tax exemption provided in the trust patent, is private property; it. is a vested right; and this right of exemption is not excepted from the protection guaranteed by the Constitution of the United States, U.S.C.A.Const. Amend 5; and the Indians' private rights must be enforced as are the rights of any citizen, In re Heff, 197 U.S. 488, 25 S.Ct. 506, 49 L.Ed. 848; Cherokee Nation v. Hitchcock, 187 U.S. 294, 23 S.Ct. 115, 47 L.Ed. 183. The Indians' vested right in this private property can only be divested by due process of law; it may not be impaired by legislative act, even when the Indian is a subject of guardianship, Jones v. Meehan, 175 U.S. 1, 20 S.Ct. 1, 44 L.Ed. 49; Choate v. Trapp, 224 U.S. 665, at page 677, 32 S.Ct. 565, 56

---

[1] July 4, 1884, c. 180, 23 Stat. 76, 79; February 8, 1887, c. 119, 24 Stat. 388; February 28, 1891, c. 383, 26 Stat. 794; July 1, 1892, c. 140, 27 Stat. 62; February 20, 1896, c. 24, 29 Stat. 9; March 6, 1896, c. 42, 29 Stat. 44; June 18, 1898, c. 465, 30 Stat. 475; July 1, 1898, c. 545, 30 Stat. 571, 593; March 22, 1906, c. 1126, 34 Stat. 80.

L.Ed. 941, supra. The Congress may remove restrictions to alienation with or without the consent of the allottees, Williams v. Johnson, 239 U.S. 414, 36 S.Ct. 150, 60 L.Ed. 358, but such is a clear distinction from depriving the allottees, without their consent, of the vested right to hold land free from taxation for 25 years. U. S. v. Benewah County, Idaho, 9 Cir., 290 F. 628, supra; Choate v. Trapp, 224 U. S. 665, 32 S.Ct. 565, 56 L.Ed. 941, supra. Judge Gilbert with whom sat Judges Ross and Rudkin in U. S. v. Benewah County, supra, at page 631, said in referring to Act of May 8, 1906 (34 Stat. 182) : "when read in the light of the principles of law here involved, should, we think, be held to mean that such action of the Secretary can be had only upon the application of the allottee or with his consent"; he further said: "it is noteworthy 'that, in other contemporaneous general provisions for granting Indian allottees patents in fee simple, it was expressly provided that such action might be had 'upon application' of the Indians, as in the Act of June 21, 1906, 34 Stat. 353, and the Act of April 21, 1904, 33 Stat. 204." The one act antedated the May 8, 1906 act, 25 U.S.C.A. § 349, approximately two years and the other was passed at the same session of the Congress practically simultaneously with it, and these acts must 'be construed together; and the subsequent act of February 26, 1927, 25 U.S.C.A. § 352a, is conclusive that the congress did not intend to liquidate this unlawfully and deprive the Indian of a vested right without due process of law.

It is obvious that the executive order supra predicated upon the treaty with the Indians and the allotment of the land, the declaration of trust, and exempting the lands from taxation for 25 years, created a vested right in the allottees which may not be abrogated by the United States without the consent of the cestui que trust. This consent was not obtained; the conveyance in fee simple to the heirs of the allottees by the Secretary of the Interior on Oct. 26, 1919, is without force; and the defendant Ferry County and its officers had no right to levy any taxes upon said land, nor had it right to issue certificates of delinquency, and that all acts done by the defendant county and its officers in assessing, levying, etc. of taxes upon said property was and is without right.

In view of the argument at bar it may be said by way of parenthesis that Sarah Daniels is a daughter of Stephen Lambert, deceased, one of the heirs named in the patent of Oct. 26, 1919, and wife of John Daniels, defendant, and purchaser of the tax delinquency certificate. She was such wife at the time of the purchase of the tax delinquency certificate; the presumption of law under the Washington Community property law, is that the money paid for the delinquency tax certificates is community money (Rem.Rev.Stat.Wash. § 6892), and is the common property of the defendant, John Daniels and Sarah Daniels, his wife, against whom John Daniels sought to foreclose a tax certificate lien. Sarah Daniels and the other heirs of Lambert, deceased, are tenants in common of the said 'land. Stone v. Marshall et al., 52 Wash. 375, 100 P. 858; Trumbull v. Bruce, 64 Wash. 644, 117 P. 472. If John Daniels acquired any status in this property it is as tenant in common with the other heirs. He may not co-operate or confederate with his wife one of the heirs and co-tenant with the other heirs, to the detriment of her co-tenants or impose a burden upon his wife's title and her co-tenants, all wards of the plaintiff, without right. There are therefore no equities in favor of John Daniels from any view point of approach. If he can conceivably have any remedy it will be against the county for reimbursement, or for contribution from his co-tenants for the taxes which he paid. But the taxes being levied without right, he has no basis for claim against the co-tenants. This is however not a matter before this court.

The motion to dismiss is denied.

