## CHOCTAW LUMBER CO. v. COLEMAN *et al.*

No. 6739.   Opinion Filed March 14, 1916.

(156 Pac. 222.)

1.  **INDIANS—Allotments—Restrictions on Alienation.** The policy of Congress in regard to restrictions upon alienation of allotments has been to protect Indians against their own improvidence, whether shown by acts of commission or omission, contracts or torts.

2.  **SAME—Judgment.** The prohibition contained in section 15 of the act of July 1, 1902, c. 1362, 32 Stat. 642, as to affecting or incumbering allotments made under this act by deeds, debts, or obligations contracted prior to the termination of the period of restriction on alienation, applies to a judgment entered against an allottee and his heirs, whether based on a tort or on a contract.

(Syllabus by Galbraith, C.)

*Error from District Court, McCurtain County;*

*Summers Hardy, Judge.*

Action by the Choctaw Lumber Company against T. N. Coleman and another. Judgment for defendants, and plaintiff brings error, Reversed and remanded.

*H. M. Kirkpatrick* and *J. S. Kirkpatrick,* for plaintiff in error.

*Thomas Norman,* for defendants in error.

Opinion by GALBRAITH, C.   This action involves the allotment of John Taylor, a deceased full-blood Choctaw Indian. The plaintiff in error, as plaintiff in the court below, asserted title under duly executed and approved deeds of conveyance from the heirs of the allottee, also full-bloods, while the defendant Coleman claimed title through a sheriff's deed, which had been issued to him

through an execution sale by virtue of a judgment in his favor against the allottee and his heirs, prior to the allottee's death, rendered in an action for damages for breach of contract. The trial court sustained the title claimed under the sheriff's deed, and denied that claimed under the conveyance from the heirs, and decreed accordingly. The cause was tried upon an agreed statement of facts, the material parts of which appear from the journal entry of judgment:

"Now, on this, the 27th day of February, 1914, this cause came on to be heard, and the plaintiff, appearing by its attorney, H. M. Kirkpatrick, and the defendants by their attorney, Louis A. Ledbetter, same being one of the regular days of the January term of the district court, and both sides announcing ready for trial, and the court being fully advised in the premises, finds:

"That the land involved in this action was duly selected, patented, and allotted to John Taylor, a full-blood member of the Choctaw Tribe of Indians during his lifetime; and that said John Taylor was duly enrolled upon the approved rolls of said tribe as such full-blood Choctaw Indian; and that the restrictions on said lands allotted to said John Taylor were never removed; and that said lands are situated in the county of McCurtain, State of Oklahoma.

"That said John Taylor died intestate in Pushmataha county, Okla., on the 21st day of December, 1912, and left surviving him, as his sole and only heirs at law, Selena Taylor, his wife, and Phelin Taylor, son, Battice Taylor, a son, Susanna Durant, a daughter; and that all of said named heirs at law are full-blood Indians, duly enrolled upon the approved rolls of the Choctaw Tribe of Indians: and that all of said parties were adults at the time of the execution of the deeds to the plaintiff herein.

"That subsequent to the death of said John Taylor, and during the month of December, 1912, there was exe-

cuted and delivered to plaintiff herein, by all of said heirs of John Taylor, deceased, allottee, as hereinbefore set out, warranty deeds conveying the lands allotted to said John Taylor, and involved in this action, and that said deeds were duly and regularly executed, and that plaintiff paid said heirs more than the appraised value in the purchase of said lands, and that said deeds were duly approved by the proper county court having jurisdiction of the settlement of the estate of said John Taylor, deceased, allottee.

"That on the 23d day of August, 1907, the defendant T. N. Coleman filed an action at law in the United States Court in and for the Southern District of Indian Territory against said John Taylor, the allottee, herein, and Phelina Taylor, Battice Taylor, Sarah Taylor, Phelin Taylor, Susana Jackson, and Jency Taylor, for the recovery of the sum of $3,000 and interest for the breach of contract.

"That thereafter, on the 3d day of February, 1909, judgment in said case was rendered against the defendants, including John Taylor, said allottee, and in favor of the defendant herein, for the sum of $3,735 and costs; that a copy of said judgment was duly and regularly filed and docketed in the office of the clerk of the district court of McCurtain county, Okla., on the 23d day of December, 1909; that said Sarah Taylor, Phelina Taylor, and Jency Taylor died subsequent to the rendition of such judgment, and prior to the death of John Taylor, the allottee.

"That thereafter the defendant herein caused an execution to be issued on said judgment, directed to the sheriff of McCurtain county, commanding such sheriff to proceed to levy on said lands involved in this action, and to proceed to sell the same as required by law; that said sheriff, acting thereunder, levied said execution, and offered said lands for sale in pursuance to notice duly given; that said lands were purchased at such sale by the defendant herein; that said sale was duly reported by said sheriff to the district court, and the sheriff ordered to make a deed conveying said premises to the defendant

herein; that in pursuance of such order said sheriff did execute his deed, describing said premises, and delivered the same to the defendant herein.

"That the judgment of the defendant T. N. Coleman, which was duly recorded and of record in the district court of McCurtain county, State of Oklahoma, was and is a valid and existing lien against the lands and tenements involved in this action, and hereinafter described, and that the execution and sale thereunder by the sheriff of McCurtain county, State of Oklahoma, was duly and regularly made, in every respect, and conveyed to the defendant T. N. Coleman all the right, title, and interest of Phelina Taylor, Battice Taylor, Sarah Taylor, Phelin Taylor, Susan Jackson, and Jency Taylor, in and to the following described real estate [description omitted].

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, the Choctaw Lumber Company, take nothing by reason of their said action, and that the title to the hereinabove described premises be quieted to the defendant T. N. Coleman, and that the plaintiff, the Choctaw Lumber Company, be barred and forever estopped from having or claiming any right, title, or interest in or to said premises adverse to the defendant T. N. Coleman, and the plaintiff, the Choctaw Lumber Company, be, and are hereby, enjoined and stayed from ever setting up any claim against the defendant T. N. Coleman by virtue of their said deed.

"It is further ordered that the defendant T. N. Coleman have and recover of and from the plaintiff, the Choctaw Lumber Company, all costs herein expended."

The assignments of error present but one controlling question, to wit: Was the inherited land of full-blood Choctaw Indians subject to execution on a judgment rendered against the allottee and his heirs prior to his death? The trial court held that it was. In the case of *Simmons v. Mullen, Sheriff of Johnston County*, 33 Okla. 184, 122

Pac. 518, appealed from this court, a similar case as to the facts and procedure, and presenting for decision the identical question, the Supreme Court of the United States held that it was not (234 U. S. 192, 34 Sup. Ct. 857, 58 L. Ed. 1274), and in the opinion it is said:

"The policy of the law is, as we have said, to protect the Indians against their improvidence, and improvidence may affect all of their acts, those of commission and omission, contracts and torts. And we think section 15 of the act of July 1, 1902, was purposely made broadly protective, broadly preclusive of alienation by any conduct of the Indian, and not only its policy but its language, distinguishes it from the statute passed on in *Brum v. Mann*, 151 Fed. 145 [80 C. C. A. 513, 12 L. R. A. (N. S.) 154]. Its language is that 'lands allotted  *  *  .*  shall not be affected or incumbered by any deed, debt or obligation of any character contracted prior to the time at which' the lands may be alienated, 'nor shall said lands be sold except,' as in the act provided. The prohibition then is that the lands shall not be 'affected  *  *  *  by any obligation of any character'; and as we have seen, an obligation may arise from a tort as well as from a contract, from a breach of duty or the violation of a right. *Exchange Bank v. Ford*, 7 Colo. 314, 316 [3 Pac. 449]. If this were not so, a prearranged tort and a judgment confessed would become an easy means of circumventing the policy of the law."

The same answer has been made to the question by the decisions of this court, as well as by the decision of the federal court for the Eastern District of Oklahoma. *Redwine v. Ansley*, 32 Okla. 327, 122 Pac. 697, *Neilson v. Alberty*, 36 Okla. 491, 129 Pac. 847; *In re Washington's Estate*, 36 Okla. 561, 128 Pac. 1079; *Marcy v. Board of Commissioners*, 45 Okla. 1, 144 Pac. 611; *In re French's*

*Estate,* 45 Okla. 819, 147 Pac. 319; *United States v. Shock* (C. C.) 187 Fed. 870.

The law of the instant case, it seems, has been settled beyond controversy against the holding of the trial court. The reasons for the holding are fully set out in the above cases, and it is not necessary to repeat them here. The fact that the judgment in the instant case was rendered against the heirs, as well as the allottee, of the land cannot affect the answer returned to the question. The lands involved were not subject to voluntary alienation of the allottee or his heirs, and were not subject to involuntary alienation of the allottee or his heirs under the execution sale. The sheriff's deed conveyed no title to this land, and the deeds from the heirs, since it appears that they were all adults and that their deeds were properly executed and approved by the county court, and that full consideration was paid therefor, conveyed the title of the allotment to the plaintiff in error.

The judgment appealed from should be reversed, and the cause remanded, with direction to vacate the judgment entered, and to enter a judgment in favor of the Choctaw Lumber Company, and quieting its title in and to the land involved, and for costs of the appeal against the defendants in error.

By the Court: It is so ordered.