**TIBBETS & PLEASANT v. MARTIN.**

No. 15294—Opinion Filed Feb. 17, 1925.

1. **Contracts—Action for Breach—Defense of Failure of Consideration—Burden of Proof.**

In an action for damages for breach of a written contract, an answer, admitting the execution of the contract and alleging the failure of consideration therefor, casts the burden of proving a failure of consideration on the defendant; but this does not relieve the plaintiff of the burden of proof to show by a preponderance of the evidence that the contract has been breached and that the plaintiff has been damaged thereby, and the amount of such damages.

2. **Appeal and Error—Harmless Error— Requiring Proof of Tender.**

Held, that the error complained of in requiring the plaintiff to make proof of the tender of the bonds in question was harmless, as well as invited error.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Tibbets & Pleasant against L. J. Martin. Judgment for defendant, and plaintiff brings error. Affirmed.

M. A. Breckenridge and Chas. R. Bostick, for plaintiff in error.

L. J. Martin and Linn & Spradling, for defendant in error.

Opinion by JARMAN, C. This was an action by Tibbets & Pleasant, a corporation, as plaintiff, against L. J. Martin for the recovery of damages for the alleged breach of contract, resulting in a verdict and judgment for the defendant.

The plaintiff alleges that it is engaged in the municipal contracting and construction business in the city of Tulsa, and that, in the conduct of its business affairs, it received, from time to time, sewer bonds issued by the city of Tulsa in payment for the construction of sewer lines, etc., which sewer bonds, when acquired by the plaintiff, are for sale by it; that on or about July 16, 1921, the plaintiff and the defendant entered into a written contract whereby the defendant agreed to purchase of the plaintiff certain sewer bonds, not to exceed in amount the sum of $14,920, which the plaintiff was to receive from the city of Tulsa in payment for the construction, by the plaintiff, of a sewer line known as the Rosedale storm sewer; that the defendant, by said contract, agreed to pay to the plaintiff, the par value and accrued interest on said bonds; that the plaintiff received from the city of Tulsa, in connection with the contract price for the construction of the Rosedale storm sewer, bonds in the amount of $13,000, bearing interest at the rate of 8 per cent. from September 15, 1921, and that the plaintiff tendered said bonds and offered to deliver the same to the defendant in keeping with their contract, but the defendant refused to accept and pay for the same as agreed upon, and the plaintiff, by reason thereof, was compelled to dispose of said bonds to other parties, and received therefor the sum of $11,937.51; resulting in a loss to the plaintiff in the sum of $1,062.49, which is the difference between the amount the defendant agreed to pay for said bonds and the amount the plaintiff was forced to sell said bonds for.

For answer, the defendant alleges that he did enter into a purported contract with the plaintiff but that the copy of the contract attached as an exhibit to the petition of the plaintiff is not a copy of the true contract made and entered into by the parties; that the defendant was interested in the Braden-Martin addition to the city of Tulsa, in which there had been constructed a storm sewer line, and the plaintiff agreed to take over and use this storm sewer line as a part of the line that it had contracted to construct for the city of Tulsa and was to pay the defendant therefor at the same rate the plaintiff was receiving from the city of Tulsa for the construction of the line it had contracted to install for said city, and that this agreement was the consideration and the moving cause for the defendant entering into the contract with the plaintiff for the purchase of said sewer bonds; that the plaintiff declined to take over that portion of the storm sewer line in the Braden-Martin addition, in which the defendant was interested, but, in violation of its agreement, constructed an independent line along by the side of that portion of the line owned

by the defendant, thereby causing the consideration for said contract to purchase the bonds to fail.

The first assignment of error, urged by the plaintiff, is that the court erred in requiring the plaintiff to assume the burden of proof.

After the parties had announced ready for trial, the plaintiff insisted that the burden of proof rested upon the defendant; it being contended by the plaintiff that this is an action on a written contract, the execution of which being admitted by the defendant, and the defendant having pleaded a failure of consideration for said contract, the burden is upon the defendant to prove by a preponderance of the evidence the failure of consideration, and citing in support thereof St. L. & S. F. R. Co. v. Bruner, 52 Okla. 349, 152 Pac. 1103; Ball v. White, 50 Okla. 429, 150 Pac. 901; Miller v. Oil Well Supply Co., 79 Okla. 135, 191 Pac. 1094.

The trial court denied the request of the plaintiff and required it to first put on proof to sustain the issues. We think this holding is proper. There can be no question about the rule announced in the cases, supra, cited by the plaintiff, that, where the execution of a written instrument is admitted but want or failure of consideration therefor is pleaded, the burden is upon the party executing the instrument to prove by a preponderance of the evidence the want or failure of consideration; but this rule is not applicable here. This was an action for damages based upon the alleged breach of the written contract. We are inclined to agree with the plaintiff that the defendant, by his answer, admitted the execution of the written contract; but this did not relieve the plaintiff of the burden of showing that the contract had been breached, and that the plaintiff had been damaged thereby, and the amount of the damages. A breach of a contract is never presumed and neither are damages. These two essential elements, involved in the plaintiff's cause of action, required proof to support them, and the burden, in this behalf, was upon the plaintiff. Suppose the court had required the defendant to assume the burden of proof, as contended for by the plaintiff, and the defendant had declined to put on any evidence, can it be contended that a judgment could have been rendered for the plaintiff for the amount of damages claimed?

The next assignment of error by the plaintiff is that the court erred in requiring the plaintiff to prove that a tender of the sewer bonds was made to the defendant. The defendant, in his answer, alleges that he was ready and willing, at all times, to take over said sewer bonds at par and accrued interest, provided the plaintiff would deduct from the amount thereof, the proportionate value of his sewer line in the Braden-Martin addition, but that the plaintiff refused to take over said sewer line or to allow the defendant any sum whatsoever therefor. It is contended by the plaintiff that it was a useless thing to require it to prove that the bonds in question had been tendered to the defendant, when the defendant, by his answer, states that the plaintiff had declined to take over the sewer line the defendant was interested in. It is true that a party is not required to make tender when it is reasonably certain that the offer made would be refused. Rupard v. Rees, 94 Okla. 49, 220 Pac. 893. If there was any error, however, on the part of the court in this regard, it would clearly come under the doctrine of harmless error, as defined in section 2822, Comp. Stat. 1921. The plaintiff is not in position to complain, however, for the record shows that it offered proof, on its own initiative, tending to show that a tender of these bonds had been made to the defendant, and, thereafter, the plaintiff insisted that this burden rested upon the defendant. This procedure would clearly come under the doctrine of invited error.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 759 (sec. 946), p. 764 (secs. 958, 959). (2) 4 C. J. p. 709 (sec. 2606), p. 908.