**MILLER, Adm'r, v. TIDAL OIL CO.**

No. 17535.    Opinion Filed Feb. 7, 1928.

Rehearing Denied March 27, 1928.

(Syllabus.)

1. **Indians—Judgment—Invalidity of Judgment Against Minor Creek Freedman Quieting Title to Allotted Land in Grantee of Minor—Judgment not Validated by Order Denying Motion to Vacate Filed by Minor After Reaching Majority.**

A judgment against a minor Creek freedman, quieting title to premises constituting his allotment in favor of grantees claiming title under a deed executed by such minor, is void, and such judgment cannot be validated by an order of the same court, denying a motion to vacate the same, even though such minor has reached his majority at the time such motion is filed and order made, and neither the void judgment nor the order denying the motion to vacate can operate as an estoppel under a plea of res adjudicata in a subsequent action between the same parties.

2. **Same—County Court Without Jurisdiction to Validate Void Oil Lease.**

Same as paragraph No. 5 of the syllabus in the case of Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 Pac. 729.

3. **Guardian and Ward — Contracts by Guardian After Ward Reaches Majority not Binding on Ward.**

The power of a guardian appointed by court, where the appointment was made solely because of the ward's minority, terminates upon such ward attaining his majority, and contracts made by the guardian on behalf of his ward, subsequent to his ward obtaining his majority, are not binding on such ward.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Walton J. Miller, administrator, of the estate of Robert Marshall, deceased, against the Tidal Oil Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Kleinschmidt & Johnson, for plaintiff in error.

Y. P. Broome, W. P. McGinnis, and J. C. Wilhoit, for defendant in error.

HERR, C. This is an action by Walton J. Miller, as administrator of the estate of Robert Marshall, deceased, against the Tidal Oil Company, to recover the value of oil and gas taken from the allotment of said deceased. The trial court rendered judgment in favor of defendant. Plaintiff appeals. This is a second appeal.

In the former trial of the case, judgment was also rendered in favor of the defendant, which was by this court reversed. Miller, Adm'r v. Tidal Oil Co., 106 Okla. 212, 233 Pac. 696. See, also, Tidal Oil Co. v. Flanagan, 87 Okla. 231, 209 Pac. 729, in which title to this identical allotment was involved.

All the propositions discussed on this appeal, except one, have been decided against the defendant in the cases above cited.

It appears that Robert Marshall enrolled as a Creek minor freedman, and while still a minor conveyed the allotment in question to E. M. Arnold, W. W. Hyamas, and S. C. Lawson, who, in turn, executed oil and gas leases thereon, which leases were subsequently assigned to the defendant herein.

On May 16, 1910, the allottee, Robert Marshall, by and through his guardian, brought suit against Arnold and his associates to recover possession of said premises, the trial resulting in a judgment in favor of defendants.

On November 8, 1911, a motion was filed by the guardian to vacate the judgment on the ground that the same was void. This motion was not ruled upon until the 30th day of June, 1913, at which time the court denied the motion. This order was never appealed from.

On the same day the motion to vacate was denied, a compromise agreement was entered into between the guardian of Robert Marshall and Arnold, whereby Arnold and his associates reconveyed the premises to the said Robert Marshall, and whereby the oil and gas leases theretofore executed were recognized as valid leases, and whereby it was agreed that the lessees and their assigns might continue to operate said lands for oil and gas under the terms of said original leases. This agreement was approved by the county court. The premises were reconveyed by Arnold and his associates to Robert Marshall, who, after reaching his majority, and on the 13th day of October, 1916, conveyed by quitclaim deed said premises to one J. P. Flanagan, whose title thereto was sustained by this court in the case of Tidal Oil Co. v. Flanagan, supra.

On the former appeals, it was contended by defendant that the proceedings hereinabove referred to had the effect of validating the original conveyance made by Robert Marshall to Arnold and his associates. This court held adversely to such contention in the cases above cited.

It is now contended by defendant that Robert Marshall was of age at the time the motion to vacate the judgment was denied, and that no appeal having been taken from such order, the same is res adjudicata, and that the plaintiff, in this proceeding, is estopped to assert the invalidity of said judgment.

This contention has also been decided against the defendant in the case of Southwestern Surety Insurance Co. v. Farriss, 118 Okla. 188, 247 Pac. 392. It is there held that a judgment which decreed a lien against the allotment of a minor Chickasaw could not be validated after such minor became of age by an order of the same court denying a motion or petition to vacate the same, and that neither the void judgment nor the order denying the petition to vacate can operate as an estoppel under a plea of res adjudicata in a subsequent action by the same parties. The cases relied upon by counsel for defendant were expressly overruled by this court in the case above cited.

As to the compromise agreement, it is sufficient to say that in our opinion the rule announced in the case of Tidal Oil Co. v. Flanagan, supra, applies even though Robert Marshall may have been of age at the time such agreement was made by his guardian. If he were, in fact, of age at that time, the guardianship over his person and estate ceased; the guardianship terminated, and the guardian thereafter had no authority to act, and such agreement would not be binding on his ward. Section 6592, C. O. S. 1921; Haddock v. Bronaugh, 92 Okla. 197, 218 Pac. 848.

Under the above authorities, even though the trial court was correct in holding that the enrollment record establishes that Robert Marshall was of age on the date the motion to vacate was denied and the com-

promise agreement executed by the guardian, still, the judgment rendered is erroneous and must be reversed.

It follows, from what has been said, that judgment must be rendered in favor of plaintiff, leaving the amount thereof to be determined by the trial court as per stipulation of counsel.

Judgment should be reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 516, §79; 34 C. J. p. 768, §1183. (3) 28 C. J. p. 1096, §110.