Lawrence J. DIEHL and Lorene Diehl,
Plaintiffs in Error,

v.

PHILLIPS PETROLEUM COMPANY,
a corporation, Defendant in Error.

No. 39773.

Supreme Court of Oklahoma.

Nov. 7, 1962.

Frank T. McCoy, Robert P. Kelly, Lee W. Cook, Pawhuska, for plaintiffs in error.

Wm. J. Zeman, Lloyd G. Minter, R. M. Williams, Bartlesville, and Hamilton, Kane & Kane, Pawhuska, for defendant in error.

BERRY, Justice.

In their original petition, plaintiffs in error, hereafter referred to as "plaintiffs", alleged five causes of action against the defendant in error, hereafter referred to as "defendant". Therein plaintiffs alleged in substance that they owned an undivided interest in described land in Osage County, Oklahoma, and were in possession of other described land in said County; that defendant was "the majority interest owner and the operator of (a) blanket oil mining lease upon" the land; that the lease was "on record at the Osage Indian Agency"; that same was by reference made a part of the petition; that under the "lease and Title 25 of the Code of Federal Regulations, Part 183, sections 180.5 and 180.50", the defendant was obligated to pay all damages occasioned to the surface owner or lessee arising by reason of oil-mining operations upon the land; that for the purpose of producing oil from land described in the petition, defendant conducted a water-flood operation; that pipe lines were laid on and across said land; that as a result of laying the lines, permitting salt water and oil to escape in conducting the operation, plaintiffs sustained damages as stated in the first four causes of action.

In their fifth cause of action, which is the only action before us, plaintiffs pleaded that on March 6, 1946, they and defendant entered into a contract in writing by the terms of which defendant agreed to pay plaintiffs a stated amount per rod for pipe line laid across the land; that 4608 rods of line were laid; that there was owing to plaintiffs under the contract $2,304. By amendment to the petition, plaintiffs enlarged upon the allegations of their fifth cause of action and a copy of the contract upon which the cause of action was based was attached to the amendment thereto and made a part thereof.

It was provided in the mentioned contract that in consideration of $10.00, defendant or Standish Pipe Line was granted "the right to lay, maintain, inspect, erect, operate and remove a pipe line, or pipe lines and accompanying telephone and telegraph lines over, through, upon, under and across" the land; that at any time such lines shall be laid, defendant agreed to pay plaintiffs the sum of 50 cents per rod for each separate line laid; that if the line were more than six inches in diameter, defendant was to pay $1.00 per rod for right-of-way; that defendant agreed to pay damages to growing crops; that the "provisions of (the) contract shall not apply to pipe lines laid on or across the (land) under rights granted by any other contract, lease or conveyance."

Defendant caused the case to be removed to the Federal Court where the first four causes involving damages resulting from defendant's alleged negligent operations of that portion of the water-flood operations conducted on the land were tried. Plaintiffs there recovered judgment against defendant. Thereafter, trial was had on plaintiffs' fifth cause of action in the local district court. After plaintiffs had introduced their evidence in chief, defendant interposed a demurrer thereto. The demurrer was sustained and the jury empaneled to try the cause was dismissed. From order denying plaintiffs' motion for new trial which was directed to judgment in defendant's favor, plaintiffs perfected this appeal.

Defendant filed a motion to dismiss the appeal upon the grounds that plaintiffs fail-

ed "to give (a) notice of election to appeal on the original record, and (b) to file a designation of the parts of the record to be transcribed, within the time and in the manner required by" Title 12 O.S.1961 §§ 956.3 and 956.5, which motion was heretofore denied. The motion was, under the rule announced in Embry v. Villines, 175 Okl. 552, 53 P.2d 277, reasserted by defendant in its brief.

■ 12 O.S.1961 § 956.1 provides that the appeal by original record shall be cumulative. 12 O.S.1961 § 956 provides for appeal by casemade and bill of exceptions and transcript. The Legislature in providing the appeal by original record should be cumulative did not amend nor change any other method of appeal. 12 O.S.1961 § 954, which abolished summons in error, provides that the giving of notice of intention to appeal as provided therein makes all parties in the trial court parties to the appeal. Appellant gave notice of intention to appeal. If he wished thereafter to appeal by original record he could then notify the clerk as provided by 12 O.S.1961 § 956.3.

In Garrett v. Watson, Okl., 342 P.2d 560, we considered this method of appeal. It was there argued the direction to prepare the record was not timely given. The effect of that opinion is to hold that if notice of intention to appeal is given within ten days as provided by 12 O.S.1961 § 954, and the petition in error is filed within 90 days as provided by 12 O.S.1961 § 956.2 the appeal is perfected. Such is the language of the statute where it is stated:

"* * * In such case it shall not be necessary to attach case-made, transcript or the original record to the petition in error but proceedings shall be upon petition in error as otherwise provided, and shall be deemed perfected when the petition in error is filed in the appellate court. * * *"

■ We therefore hold that the time provision for the notification of the clerk in 12 O.S.1961 § 956.3 is for the convenience of the clerk and this Court and is directory and not jurisdictional, and the fact that the notification to the clerk is not given within the ten days is not fatal.

On the merits, evidence introduced by plaintiffs showed that within five years from date of filing this action, defendant caused to be laid 3403.5 rods of pipe upon the land; that the dimensions of the pipe so laid were such that if laid under rights granted by contract and not the oil and gas leases or applicable regulations of the Secretary of the Interior, hereafter referred to as "Secretary", defendant became indebted to plaintiff in the amount of $1,740.25.

At the pretrial conference defendant agreed that it had laid a total of 2289 rods of pipe on the land but did not agree that any pipe was laid under the easement granted by the contract or that any pipe was laid within five years from institution of the action. In its answer defendant pleaded that as to any pipe laid more than five years prior to commencement of the action, recovery was barred by limitations; that any pipe laid on the land was "laid under provisions of other contracts, leases or conveyances" and not the contract upon which plaintiffs rely.

It is made clear in the contract that the provisions thereof should "not apply to pipe lines laid on or across the * * * land under rights granted by other contract, lease or conveyance." There is no evidence showing that any pipe was laid under the right-of-way easement provisions of the contract upon which plaintiffs base their cause of action now before us, therefore, no evidence that pipe laid was not in fact laid under provisions of leases or regulations of the Secretary. In Mid-Continent Petroleum Corp. v. Rhodes, 205 Okl. 651, 655, 240 P.2d 95, 97, it was stated that the holder of an oil and gas lease covering the lands of the Osages, owned an estate in the land for the purpose of exploring for oil "and possessed exclusive right to use so much of the leased premises as was reasonably necessary in the operation of drilling for oil."

The oil and gas lease or leases under which oil and gas was discovered and produced from the land were not introduced in evidence. Plaintiffs argue that there is no evidence that defendant was a lessee at the time the contract was entered into or that defendant laid the pipe under rights granted by a lease or that rights so granted "conflict with the obligations to pay the plaintiff for the pipe lines under the contract sued upon."

As heretofore pointed out, plaintiffs pleaded that defendant was "the major interest owner and operator of a blanket oil and gas mining lease" covering the land; that the lease was "on record in the Osage Indian Agency"; that same by reference was made a part of the petition; that under provisions of the lease and regulations of the Secretary defendant was liable in damages sustained by owner of the surface or lessee thereof in developing and operating the lease.

The mentioned allegations fairly show that plaintiffs asserted and admitted that defendant was a lessee at all times in controversy and that the provisions of the lease or leases and the regulations of the Secretary relating to such leases were applicable to and binding upon defendant. Therefore, plaintiffs' argument is valid only if the right to lay pipe lines was not granted by the leases or regulations of the Secretary, or, if so granted, that the burden of showing that the lines were laid under the provisions of the leases or applicable regulations and not the contract, was on defendant.

■■ As to the regulations, it is provided in part in a regulation (25 C.F.R., Sec. 183.4) promulgated by the Secretary that "Lessee shall have the right to use so much of the surface of the land as may be necessary for operations, including the right to lay and maintain pipe lines, telephone and telegraph lines, pull rods and other appliances necessary for the operation of the wells". The regulation has the force of law and we are privileged to take judicial notice of same. See Seber v. Spring Oil Co. (D.C.), 33 F.Supp. 805; 42 C.J.S. Indians § 74, p. 786; and 31 C.J.S. Evidence § 39, p. 599. Accordingly, defendant was not obligated under the contract to compensate plaintiffs for lines laid under the privilege granted by the regulation.

As indicated, the controlling issue presented by the pleading was whether the pipe lines were laid under rights granted by the contract or under a privilege granted by the leases or regulations. In our opinion, the burden rested upon plaintiffs to prove that the lines were laid under rights granted by the contract, otherwise they failed to prove their cause of action. See Tibbets & Pleasant v. Martin, 106 Okl. 233, 233 P. 698, and 17 C.J.S. Contracts § 590d, p. 1233. This they failed to do. Therefore, the trial court did not err in sustaining defendant's demurrer to plaintiffs' evidence.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JACKSON and IRWIN, JJ. concur.

DAVISON and JOHNSON, JJ., concur in result.